UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ANGEL FARCIERT,

                        Plaintiff,                          **COMPLAINT**

    -against-                                       08 CV 6107 (RMB)

                                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. VHAGEHAN               **ECF CASE**
HARRYLALL, Shield No. 02078, Individually and in his
Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually
and in their Official Capacities, (the name John Doe being
fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------------------X

    Plaintiff, ANGEL FARCIERT, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Latin American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually defendants, P.O. VHAGEHAN HARRYLALL and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### **FACTS**

13. On October 21, 2007, at approximately 3:50 a.m., plaintiff ANGEL FARCIERT was lawfully operating his 2001 BMW automobile near the corner of East 60th Street and Second Avenue, in the County, City and State of New York.

14. At the aforesaid time and place, plaintiff ANGEL FARCIERT was unlawfully stopped by P.O. VHAGEHAN HARRYLALL.

15. Upon stopping plaintiff ANGEL FARCIERT, P.O. HARRYLALL repeatedly asked Mr. Farciert if he was the owner of the subject BMW.

16. Despite repeated assurances by Mr. Farciert that he did, in fact, own the subject vehicle, P.O. HARRYlALL refused to believe him.

17. Thereafter, plaintiff ANGEL FARCIERT produced his registration and thus confirmed his ownership of the subject vehicle.

18. Notwithstanding this fact, P.O. HARRYLALL thereafter ordered plaintiff ANGEL FARCIERT to step out of the vehicle.

19. P.O. HARRYLALL then proceeded to conduct a warrantless search of the subject vehicle, including the entire passenger compartment and the trunk.

20. This search was unlawful and improper, as there was no basis for suspecting that plaintiff ANGEL FARCIERT was in possession of any contraband.

21. Despite finding no contraband, P.O. HARRYLALL placed plaintiff ANGEL FARCIERT under arrest and charged him with driving while intoxicated.

22. Thereafter, P.O. HARRYLALL filled out false and misleading police reports, and forwarded them to prosecutors in the New York County District Attorney's Office.

23. Plaintiff ANGEL FARCIERT had not been intoxicated at the time of his arrest, nor had he been intoxicated at any time on October 21, 2007.

24. A subsequent breathlyzer test taken at the precinct confirmed that Plaintiff ANGEL FARCIERT had not been intoxicated on October 21, 2007.

25. P.O. HARRYLALL did not have any lawful basis for charging plaintiff ANGEL FARCIERT with driving while intoxicated.

26. P.O. HARRYLALL had not observed plaintiff ANGEL FARCIERT drive in an erratic or unsafe manner, nor had he observed ANGEL FARCIERT commit any moving violations or traffic infractions.

27. The sole reason that P.O. HARRYLALL had stopped Mr. Farciert was because of plaintiff's race, and not because he had engaged in any unlawful or suspicious activity.

28. At the time of his arrest, plaintiff ANGEL FARCIERT was employed as an Account Executive with Univision Radio, located at 485 Madison Avenue, in the County, City and State of New York.

29. As a result of his unlawful arrest, plaintiff ANGEL FARCIERT was forced to spend two days in jail.

30. Plaintiff ANGEL FARCIERT had never been arrested before, and had never spent any time in jail in his life.

31. Thereafter, plaintiff ANGEL FARCIERT was forced to make multiple court appearances, as well as pay $5,000.00 in legal costs, in order to defend himself against the baseless charges lodged by defendants.

32. Notwithstanding the unlawful and perjurious conduct of defendants, on January 17, 2008, all charges against plaintiff ANGEL FARCIERT were dismissed.

33. As a result of the foregoing, plaintiff ANGEL FARCIERT sustained severe emotional distress, embarrassment and humiliation, loss of liberty, economic losses and deprivation of his constitutional rights

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

36. All of the aforementioned acts deprived plaintiff ANGEL FARCIERT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of defendants' aforementioned conduct, plaintiff ANGEL FARCIERT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants misrepresented and falsified evidence before the Grand Jury.

48. Defendants did not make a complete and full statement of facts to the Grand Jury.

49. Defendants withheld exculpatory evidence from the Grand Jury.

50. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Farciert.

51. Defendants lacked probable cause to initiate criminal proceedings against Mr. Farciert.

52. Defendants acted with malice in initiating criminal proceedings against Mr. Farciert.

53. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Farciert.

54. Defendants lacked probable cause to continue criminal proceedings against Mr. Farciert.

55. Defendants acted with malice in continuing criminal proceedings against Mr. Farciert.

56. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

57. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Farciert's favor on January 17, 2008.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants issued legal process to place plaintiff ANGEL FARCIERT under arrest.

60. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

61. Defendants acted with intent to do harm to plaintiff ANGEL FARCIERT, without

excuse or justification.

62.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64.     Defendants P.O. VHAGEHAN HARRYLALL and P.O. "JOHN DOE" #1-10 created false evidence and forwarded false information to prosecutors, notwithstanding their knowledge that said fabrications would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

65.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANGEL FARCIERT.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by ANGEL FARCIERT as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ANGEL FARCIERT as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ANGEL FARCIERT was incarcerated unlawfully.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANGEL FARCIERT.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANGEL FARCIERT's constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff ANGEL FARCIERT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ANGEL FARCIERT demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive

damages, plus attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         July 2, 2008

                                                    BY:_____/S_____
                                                    JON L. NORINSBERG (JN-2133)
                                                    Attorney for Plaintiff
                                                    225 Broadway, Suite 2700
                                                    New York, N.Y. 10007
                                                    (212) 791-5396