

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ROBYN N. PULLIO**<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 788-1090<br>Fax: (212) 788-9776<br>Email: rpullio@law.nyc.gov |

# MEMO ENDORSED
## p. 2

July 30, 2008



**BY HAND**
Honorable Richard M. Berman
United States District Court Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>Angel Farciert v. City of New York, et al.</u>, 08 CV 6107 (RMB)

Dear Judge Berman:

  I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, Jon L. Norinsberg, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from July 30, 2008, to September 30, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

  The complaint alleges, *inter alia*, that plaintiff Angel Farciert was subjected to false arrest and imprisonment and malicious prosecution. In addition to the City of New York, the complaint also purports to name "P.O. Vhagehan Harrylall" as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure. The enlargement of time will afford us the opportunity to investigate the matter.

  Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Additionally, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Defendant cannot obtain these records without the designation and the medical release, and without these records, defendant cannot properly assess this case or respond to the complaint.

1

Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request to extend the City's time to answer the complaint until September 30, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY FAX**
Jon Louis Norinsberg, Esq.
Law Offices of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, N.Y. 10007
Fax: (212) 406-6890

> 45-day extension granted. The conference will proceed on 9/2/08. See Court's rules regarding the filing of motions.
>
> SO ORDERED:
> Date: 8/1/08
> Richard M. Berman, U.S.D.J.

---

[1] According to the docket sheet in this matter, an Affidavit of Service was filed stating that Officer Harrylall was served on or about July 14, 2008. Although this office does not currently represent Officer Harrylall, and assuming that he was properly served, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved.

2